IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Betty Michener | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| vs. | ) | NO.: |
| | ) | |
| THE BOROUGH OF MOUNT OLIVER; | ) | |
| JIM CASSIDY, individually and in his capacity as | ) | |
| BOROUGH COUNCIL PRESIDENT; | ) | |
| CHRISTINE BRINDEL, individually and in her capacity as | ) | |
| BOROUGH COUNCILWOMAN; | ) | |
| JOHN SMITH, individually and in his capacity as | ) | |
| BOROUGH COUNCILMAN; | ) | |
| DENNIS OBEDOBLE, individually and in his capacity as | ) | |
| BOROUGH COUNCILMAN; | ) | |
| PATRICK MALLOY, individually and in his capacity as | ) | |
| BOROUGH COUNCILMAN; and, | ) | |
| GEORGE FARNETH, individually and in his capacity as | ) | |
| BOROUGH COUNCILMAN | ) | |
| | ) | |
| DEFENDANTS. | ) | |

JURY TRIAL DEMANDED

**COMPLAINT**

Plaintiff, Betty Michener, herein, by and through his attorney, Lawrence H. Fisher, Esquire, files the following Complaint and civil action, and in support thereof, avers:

**PARTIES**

1.     Plaintiff, Betty Michener, is a duly elected Councilwomen for the Borough of Mount Oliver and an adult individual currently residing in Mount Oliver, Allegheny County, Pennsylvania, and she is a resident of this judicial district.

2.     Defendant, Jim Cassidy, is an adult individual who, at all times material hereto

1

was acting individually, as well as in his capacity as a state actor and the President of the Mount Oliver Borough Council, and is subject to service of process at Municipal Building, 150 Brownsville Road, Mt. Oliver, PA 15210.

3.      Defendant, Christine Brindel, is an adult individual who, at all times material hereto was acting individually, as well as in her capacity as a state actor and Mount Oliver Borough Councilwoman, and is subject to service of process at Municipal Building, 150 Brownsville Road, Mt. Oliver, PA 15210.

4.      Defendant, John Smith, is an adult individual who, at all times material hereto was acting individually, as well as in his capacity as a state actor and Mount Oliver Borough Councilman, and is subject to service of process at Municipal Building, 150 Brownsville Road, Mt. Oliver, PA 15210.

5.      Defendant, Dennis Obedoble, is an adult individual who, at all times material hereto was acting individually, as well as in his capacity as a state actor and Mount Oliver Borough Councilman, and is subject to service of process at Municipal Building, 150 Brownsville Road, Mt. Oliver, PA 15210.

6.      Defendant, Patrick Malloy, is an adult individual who, at all times material hereto was acting individually, as well as in his capacity as a state actor and Mount Oliver Borough Councilman, and is subject to service of process at Municipal Building, 150 Brownsville Road, Mt. Oliver, PA 15210.

7.      Defendant, George Farneth, is an adult individual who, at all times material hereto was acting individually, as well as in his capacity as a state actor and Mount Oliver Borough Councilman, and is subject to service of process at Municipal Building, 150

Brownsville Road, Mt. Oliver, PA 15210.

8.      Defendant, Borough of Mount Oliver, is a governmental entity which, pursuant to state law, and with receipt of substantial amounts of federal funds, provides constable services in Allegheny County, Pennsylvania, and is subject to service of process at Municipal Building, 150 Brownsville Road, Mt. Oliver, PA 15210.

## JURISDICTION and VENUE

9.      Jurisdiction is vested in the United States District Court for the Western District of Pennsylvania by virtue of Plaintiff's claims pursuant to 29 U.S.C. § 1331 and 42 U.S.C. § 1983 – federal questions concerning civil rights. Venue is appropriate as all matters complained about pertain to occurrences in this Judicial District, specifically, Allegheny County.

## FACTUAL ALLEGATIONS

10.      In November 2007, pursuant to state law and ordinances establishing the office of Councilwoman for the Borough of Mount Oliver, Plaintiff was elected to a 4-year term, commencing on January 1, 2008 (when she officially began serving said elected term) as Councilwoman, Mount Oliver Borough Council – but was appointed by Borough Council about a month prior to her November 2007 election thereto to fill a vacancy on Borough Council – and served continuously as Councilwoman from her appointment through May 16, 2011 when she was subject to an illegal action by the Borough Counsel that purportedly removed her from elected office prior to the expiration of her legally elected term of office.

11.      Prior to the illegal acts of the Borough Council that purportedly and prematurely removed Plaintiff from her duly elected term of office as Borough Councilwoman, Plaintiff served on the Borough Finance Committee and reviewed the finances of the Borough

fastidiously as Plaintiff possesses vast experience in the private sector managing a finance company.

12.     Prior to the illegal acts of the Borough Council that purportedly and prematurely removed Plaintiff from her duly elected term of office as Borough Councilwoman, Plaintiff was appointed by the President of Borough Counsel to be the Chairperson of the Economic Development Committee. This committee met every month and Plaintiff was present at all meetings.

13.     Prior to the illegal acts of the Borough Council that purportedly and prematurely removed Plaintiff from her duly elected term of office as Borough Councilwoman, Plaintiff was an outspoken critic of corruption and misconduct by the Borough, it's Councilmen and Councilwomen, and other employees and officers, including, but not limited to flagrant and brazen overpayments of inflated and false invoices submitted by Borough Council Solicitor, James Perich, Esquire.

14.     Prior to the illegal acts of the Borough Council that purportedly and prematurely removed Plaintiff from her duly elected term of office as Borough Councilwoman, Plaintiff repeatedly and publically exposed flagrant and brazen overpayments by Borough Council Secretary, Jo-Ann Malloy (wife of Borough Councilman, and Defendant herein, Patrick Malloy), to various other contractors and vendors who submitted invoices for services rendered to the Borough.

15.     Prior to the illegal acts of the Borough Council that purportedly and prematurely removed Plaintiff from her duly elected term of office as Borough Councilwoman, Plaintiff repeatedly and publically exposed financial abuses and misconduct by Borough Police via

4

undocumented credit expenses, fraudulently obtained police employment contract concessions, and the gross excessiveness of police resource allocation for the improper purpose of facilitating personal relationships among police personnel.

16.     Prior to the illegal acts of the Borough Council that purportedly and prematurely removed Plaintiff from her duly elected term of office as Borough Councilwoman, Plaintiff was repeatedly pressured (if not threatened, intimidated, oppressed and harassed) by all Defendants herein to cease her public expression of opinions about government waste, corruption and wrongdoing in the Borough.

17.     Prior to the illegal acts of the Borough Council that purportedly and prematurely removed Plaintiff from her duly elected term of office as Borough Councilwoman – after Plaintiff refused to be threatened, intimidated, oppressed and harassed by the Defendants from expressing her opinions about government waste, corruption and wrongdoing in the Borough – the Defendants conspired to threaten, intimidate, oppress and harass Plaintiff through its police department and various police officers presented themselves in uniform while off-duty to confront Plaintiff during Borough Council meetings.

18.     Prior to the illegal acts of the Borough Council that purportedly removed Plaintiff from her duly elected term of office as Borough Councilwoman – after Plaintiff refused to be threatened, intimidated, oppressed and harassed by the Defendants from expressing her opinions about government waste, corruption and wrongdoing in the Borough – the Defendants concocted false and malicious criminal charges against Plaintiff which were totally unfounded and lacked probable cause, through the misuse of the Borough Police Department by tampering with official police reports, fabricating evidence and engaging in a wide-spread abuse of power in the pursuit

of a politically craven agenda directed and coordinated among the Defendants herein.

19.     The above referenced threats, intimidation, oppression and harassment caused Plaintiff great stress and anxiety such that she advised the Borough Council in January 2011 that she could no longer attend Borough Council meetings until such time as said threats, intimidation, oppression and harassment by the Defendants ceased, but Plaintiff continued to serve in her capacity as a Finance Committee member and Chairperson of the Economic Development Committee and advised the Borough Council that continued the in pursuit of her duties as a duly elected Borough Councilwoman.

20.     Notwithstanding the fact that the Defendants' threats, intimidation, oppression and harassment resulted in a medically documented need for Plaintiff to be absent from Borough Council meetings, in April 2011, the Defendants instituted their illegal efforts to impede and obstruct Plaintiff from fulfilling the duties of her duly elected office based on Plaintiff's alleged "excessive unexcused absences from regular meetings, failure to participate in Council Committees and failure to act in her official capacity as a Member of Council."

21.     Conversely, Defendant Smith has not attended a Borough Council meeting is at least 8 months, and Defendant Obedoble missed 5 months of Borough Council meetings in 2008.


## COUNT I
### Plaintiff v. Jim Cassidy, Christine Brindel, John Smith, Denis Obedoble, Patrick Malloy, George Farneth and the Borough of Mount Oliver, 42 U.S.C. § 1983 - Violations of Plaintiff's Civil Rights – Deprivation of Rights Without Due Process of Law

22.     The Plaintiff incorporates herein, as though set out in full, Paragraphs 1 through 21 of her Complaint.

23.     At the time of the illegal acts whereby the Defendants purportedly removed Plaintiff from her duly elected term of office as Borough Councilwoman, the Pennsylvania Constitution, Article IV § 7, entitle "Removal of Civil Officers" provided (and still provides) that:

> All civil officers shall hold their offices on the condition that they behave themselves well while in office, and shall be removed on conviction of misbehavior in office or of any infamous crime. Appointed civil officers, other than judges of the courts of record, may be removed at the pleasure of the power by which they shall have been appointed. All civil officers elected by the people, except the Governor, the Lieutenant Governor, members of the General Assembly and judges of the courts of record, shall be removed by the Governor for reasonable cause, after due notice and full hearing, on the address of two-thirds of the Senate.

PA. CONST. art. VI, § 7.

24.     None of the events enumerated by the Pennsylvania Constitution as the sole bases for removing Plaintiff from her civil office has occurred such that the Defendant's removal actions in this matter are unconstitutional under the Pennsylvania Constitution and accordingly unconstitutional under the Fourteenth Amendment of the United States Constitution as depriving Plaintiff of her rights without due process of law as not constitutionally permissible process of law underlies the Defendants' abuses of power as alleged herein.

25.     The law clearly established the illegality of the Defendants actions as alleged herein and the Defendants knew or should have know that their actions as alleged herein violated Plaintiff's due process rights.

26.     As a consequence of the acts and omissions complained of herein, Plaintiff was damaged and suffered by reason thereof, at least as follows: indignity, loss of rights including

her right as a duly elected public officer to serve as Borough Councilwoman, threats, intimidation, oppression and harassment, and has been deprived of her constitutional rights to be free and clear of the above deprivations – and all of the Defendants named in this Count, by the above allegations, intentionally caused these harms suffered by Plaintiff.

27.     All of the allegation against the Defendants herein reflect deliberate indifference to the rights and claims of the citizens of Mount Oliver Borough and Plaintiff.

28.     These acts of the individual/official Defendants represented a custom or policy of deliberate indifference to the rights of Mount Oliver Borough citizens.

29.     The acts of the Defendants herein were undertaken with the purpose and the intent of depriving the Plaintiff of her right under the United States Constitution and of the right not to be deprived of property without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

30.     Thus, the Borough of Mount Oliver, at all times relevant hereto had a policy and/or custom of acquiescing in unconstitutional practices in these circumstances which thoroughly corrupted the Defendants herein and allowed these constitutional abuses to occur as alleged herein.

31.     Furthermore, the Borough of Mount Oliver, through the acts of the individual/official Defendants herein, at all times relevant hereto had a policy and/or custom of intentional misconduct which thoroughly corrupted public officials and allowed the constitutional abuses to occur as alleged herein.

32.     The actions of these Defendants, jointly and severally, are wanton, and entitle the Plaintiff to an award of exemplary and punitive damages.

WHEREFORE, the Plaintiff prays that this Honorable Court ORDER all Defendants herein to CEASE and DESIST their illegal undertaking to deprive Plaintiff of her rights as duly elected Borough Councilwoman, and to DECLARE as NULL and VOID the illegal acts and actions of the Borough Council which purportedly and prematurely attempted to remove Plaintiff from her duly elected term of office as a Borough Councilwoman, and to enter a judgment against the Defendants herein, in an amount to be determined by this Court, plus costs, interest, and attorney's fees.

**COUNT II**
**Plaintiff v. Jim Cassidy, Christine Brindel, John Smith, Denis Obedoble, Patrick Malloy, George Farneth and the Borough of Mount Oliver,**
**42 U.S.C. § 1983 - Violations of Plaintiff's Civil Rights – Denial of Equal Protection and Gender Discrimination**

33.     The Plaintiff incorporates herein, as though set out in full, Paragraphs 1 through 32 of her Complaint.

33.     Even assuming *arguendo* that the Pennsylvania Constitution does not bar the abuses of power committed by these Defendants in purportedly removing Plaintiff from her duly elected office as a Borough Councilwoman, the Defendant's removal actions in this matter are unconstitutional under the Fourteenth Amendment of the United States Constitution as depriving Plaintiff of her right to equal protection under the law insofar as other Borough Council***men*** have engaged in "excessive unexcused absences from regular meetings, failure to participate in Council Committees and failure to act in their official capacity as a Member of Council," but have not been subject to any attempts to remove them from their duly elected offices.

34.     Said denial of Plaintiff's equal protection rights is not rationally related to any

legitimate purpose and cannot survive even the slightest of scrutiny let alone any enhanced scrutiny.

35.     The law clearly established the illegality of the Defendants actions as alleged herein and the Defendants knew or should have know that their actions as alleged herein violated Plaintiff's equal protection rights and discriminated against her based on  her gender.

36.     As a consequence of the acts and omissions complained of herein, Plaintiff was damaged and suffered by reason thereof, at least as follows: indignity, loss of rights including her right as a duly elected public officer to serve as Borough Councilwoman, threats, intimidation, oppression and harassment, and has been deprived of her constitutional rights to be free and clear of the above deprivations – and all of the Defendants named in this Count, by the above allegations, intentionally caused these harms suffered by Plaintiff.

37.     All of the allegation against the Defendants herein reflect deliberate indifference to the rights and claims of the citizens of Mount Oliver Borough and Plaintiff.

38.     These acts of the individual/official Defendants represented a custom or policy of deliberate indifference to the rights of Mount Oliver Borough citizens.

39.     The acts of the Defendants herein were undertaken with the purpose and the intent of depriving the Plaintiff of her right under the United States Constitution and of the right not to be deprived of property without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

40.     Thus, the Borough of Mount Oliver, at all times relevant hereto had a policy and/or custom of acquiescing in unconstitutional practices in these circumstances which thoroughly corrupted the Defendants herein and allowed these constitutional abuses to occur as

alleged herein.

41.     Furthermore, the Borough of Mount Oliver, through the acts of the individual/official Defendants herein, at all times relevant hereto had a policy and/or custom of intentional misconduct which thoroughly corrupted public officials and allowed the constitutional abuses to occur as alleged herein.

42.     The actions of these Defendants, jointly and severally, are wanton, and entitle the Plaintiff to an award of exemplary and punitive damages.

WHEREFORE, the Plaintiff prays that this Honorable Court ORDER all Defendants herein to CEASE and DESIST their illegal undertaking to deprive Plaintiff of her rights as duly elected Borough Councilwoman, and to DECLARE as NULL and VOID the illegal acts and actions of the Borough Council which purportedly and prematurely attempted to remove Plaintiff from her duly elected term of office as a Borough Councilwoman, and to enter a judgment against the Defendants herein, in an amount to be determined by this Court, plus costs, interest, and attorney's fees.

## COUNT III
### Plaintiff v. Jim Cassidy, Christine Brindel, John Smith, Denis Obedoble, Patrick Malloy, George Farneth and the Borough of Mount Oliver, 42 U.S.C. § 1983 - Violations of Plaintiff's Civil Rights – Abridgment of First Amendment Rights

43.     The Plaintiff incorporates herein, as though set out in full, Paragraphs 1 through 42 of her Complaint.

44.     Even assuming *arguendo* that the Pennsylvania Constitution does not bar the abuses of power committed by these Defendants in purportedly removing Plaintiff from her duly elected office as a Borough Councilwoman, the Defendant's removal actions in this matter are

unconstitutional under the First Amendment of the United States Constitution as intended to silence Plaintiff and deprive her of her right to freely express her views and associate with like-minded persons pursuant to her duties as a duly elected Borough Councilwoman.

45.     The law clearly established the illegality of the Defendants actions as alleged herein and the Defendants knew or should have know that their actions as alleged herein violated Plaintiff's First Amendment rights.

46.     As a consequence of the acts and omissions complained of herein, Plaintiff was damaged and suffered by reason thereof, at least as follows: indignity, loss of rights including her right as a duly elected public officer to serve as Borough Councilwoman, threats, intimidation, oppression and harassment, and has been deprived of her constitutional rights to be free and clear of the above deprivations – and all of the Defendants named in this Count, by the above allegations, intentionally caused these harms suffered by Plaintiff.

47.     All of the allegation against the Defendants herein reflect deliberate indifference to the rights and claims of the citizens of Mount Oliver Borough and Plaintiff.

48.     These acts of the individual/official Defendants represented a custom or policy of deliberate indifference to the rights of Mount Oliver Borough citizens.

49.     The acts of the Defendants herein were undertaken with the purpose and the intent of depriving the Plaintiff of her right under the United States Constitution and of the right not to be deprived of property without due process of law in violation of the First Amendment to the United States Constitution.

50.     Thus, the Borough of Mount Oliver, at all times relevant hereto had a policy and/or custom of acquiescing in unconstitutional practices in these circumstances which

thoroughly corrupted the Defendants herein and allowed these constitutional abuses to occur as alleged herein.

51.     Furthermore, the Borough of Mount Oliver, through the acts of the individual/official Defendants herein, at all times relevant hereto had a policy and/or custom of intentional misconduct which thoroughly corrupted public officials and allowed the constitutional abuses to occur as alleged herein.

52.     The actions of these Defendants, jointly and severally, are wanton, and entitle the Plaintiff to an award of exemplary and punitive damages.

WHEREFORE, the Plaintiff prays that this Honorable Court ORDER all Defendants herein to CEASE and DESIST their illegal undertaking to deprive Plaintiff of her rights as duly elected Borough Councilwoman, and to DECLARE as NULL and VOID the illegal acts and actions of the Borough Council which purportedly and prematurely attempted to remove Plaintiff from her duly elected term of office as a Borough Councilwoman, and to enter a judgment against the Defendants herein, in an amount to be determined by this Court, plus costs, interest, and attorney's fees.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all counts of this Complaint.

Respectfully submitted,


BY:    /s/Lawrence H. Fisher
       Lawrence H. Fisher
       Attorney for Plaintiff
       Cohen and Willwerth, P.C.
       One Oxford Centre
       301 Grant Street, Suite 4300
       Pittsburgh, PA 15219

13

(724) 986-9785 tel
(215) 887-8732 fax
Lawfirst@comcast.net
PA ID #67667