IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BETTY MICHENER,                          )
                                         )
                    Plaintiff,           )
                                         )
          v.                             )   Civil Action No. 11-746
                                         )
THE BOROUGH OF MOUNT OLIVER,             )
ET AL.,                                  )
                                         )
                    Defendants.          )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                        November $\overline{30}$, 2011

          This  is  a  civil  rights  action.   Plaintiff, Betty
Michener, brings this action pursuant to 42 U.S.C. § 1983, against
defendant  the  Borough  of  Mount  Oliver  ("Mount  Oliver")  and
individual defendants, Jim Cassidy, Christine Brindel, John Smith,
Dennis Obedoble, Patrick Malloy, and George Farneth (collectively
"defendants").   The individual defendants are members of the Mount
Oliver Borough Council, and they are sued individually and in their
capacity as councilmembers.

          On June 7, 2011, Michener filed a complaint alleging that
defendants violated her constitutional rights to due process, equal
protection, and free speech.  [Doc. No. 1].  On September 23, 2011,
defendants filed a motion to dismiss plaintiff's complaint in its
entirety on the grounds that defendants are immune from suit under
section 1983, and that the complaint fails to state a claim.  This
motion to dismiss [Doc. No. 19] is now before the court.

For the following reasons, the motion will be denied.

I. BACKGROUND

The following facts are as presented by Michener in her complaint. Because defendants filed a Rule 12(b)(6) motion to dismiss, the court accepts these allegations as true for the purpose of deciding the motion.

In November 2007, Betty Michener was elected to serve a four-year term on the Mount Oliver Borough Council (the "Council"). Michener's term officially began on January 1, 2008, though she had served on the Council since October 2007, when she was appointed to fill a vacancy. Michener served on the Council until May 16, 2011, when the other members voted to remove her.

During her time on the Council, Michener served as the Chairperson of the Economic Development Committee and as a member of the Finance Committee. Also during this time, Michener was an outspoken critic of corruption and other misconduct by the Borough, its councilmembers, other employees, and police officers. Michener exposed financial abuse in the form of overpayments by the Borough Solicitor, the Council Secretary, and the Police Department.

Because of her whistleblowing, and prior to her removal, Michener was subject to pressure in the form of threats and harassment by all defendants. Michener was also subject to threats and intimidation at Council meetings by Borough police officers. After these efforts to intimidate Michener failed, she became the

2

subject of false criminal charges, which were fabricated by tampering with official police reports and concocting evidence.

As a result of this campaign to threaten and intimidate her, Michener informed Council in January 2011 that she could no longer attend Council meetings.  Michener, however, continued to serve as a member of the Finance Committee and as Chairperson of the Economic Development Committee.  She continued to perform the duties of a councilmember to the extent she was able.

In April 2011, because of her failure to attend council meetings, the Council voted to remove Michener from office. Michener asserts that these absences were medically excused because the threats she was subjected to brought about stress and anxiety. Michener also alleges that similarly situated male councilmembers (i.e., two male members that had missed more meetings than she missed) were not removed from office.

II.    STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on which it rests.'"   Bell Atlantic Corp. v. Twombly, 550

3

U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. at 1950 (quoting Twombly, 550 U.S. at 555).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we must conduct a three-step inquiry. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, we must "'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Iqbal, 129 S.Ct. at 1947). Next, we must identify the allegations that "are no more than conclusions [and] are not entitled to the assumption of truth." Id.; Iqbal, 129 S.Ct. at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. (internal quotation omitted).

We may not dismiss a complaint merely because it
appears unlikely or improbable that plaintiff can prove the facts
alleged or ultimately prevail on the merits. Twombly, 550 U.S. at
556, 563 n.8. Instead, we must ask whether the facts alleged raise
a reasonable expectation that discovery will reveal evidence of the
necessary elements. Id. at 556. In the end, if, in view of the
facts alleged, it can be reasonably conceived that the plaintiff
could, upon a trial, establish a case that would entitle him to
relief, the motion to dismiss should not be granted. Id. at 563
n.8.

It is on this standard that the court has reviewed
defendants' motion to dismiss and plaintiff's response thereto.
Based on the pleadings of record and the briefs filed in support of
and in opposition to the motion, the court is persuaded that
dismissal of plaintiff's amended complaint is inappropriate at this
time.

III.    DISCUSSION

The court must address the threshold question whether the
complaint should be dismissed because the defendants are immune
from suit.    Whether Mount Oliver is immune and whether the
individual councilmember defendants are immune are separate issues.

A. Municipal Immunity

Defendants argue that Mount Oliver is immune under Monell
v. Dep't of Social Services of the City of New York, 436 U.S. 658

5

(1978), because the complaint does not identify a long standing custom, policy, or practice that forms the basis of section 1983 liability.  Plaintiff contends that a single act of a legislative body can subject the municipality to liability under section 1983, and that she need not allege a "long standing" policy.  Plaintiff is correct.

"[A] municipality can be held liable as a person under section 1983 when it unconstitutionally implements or enforces 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by' the officers of that municipality." Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (quoting Monell, 436 U.S. at 690). Furthermore, municipalities can be liable for actions taken by legislators who would themselves be immune from suit. Id. at 849 (discussing Carver v. Foerster, 102 F.3d 96 (3d Cir. 1996)).  Because Michener alleges that Mount Oliver removed her pursuant to an offical yet unconstitutional policy of the municipality, Mount Oliver can be held liable under section 1983.

## B. Legislative Immunity

Defendants argue that the individual councilmember defendants are immune because Michener's claims are based on the vote to remove her from office, and that vote is legislative activity for which they are entitled to absolute immunity. Michener concedes that the individual defendants may not be liable

6

for the removal vote, but contends they are liable for their conduct, described as a campaign of harassment and intimidation in retaliation for her exercise of protected First Amendement speech.

Local legislators, like the individual defendants, are immune from suit based on their legislative actions. Bogan v. Scott-Harris, 523 U.S. 44, 49 (1998). But "[a]n unconstitutional or illegal course of conduct by [local] government does not fall within the doctrine of absolute legislative immunity merely because it is connected to or followed by a vote of [the local legislative body.]" Carver v. Foerster, 102 F.3d 96, 101 (3d Cir. 1996).

Here, plaintiff alleges actionable conduct by the individual defendants that is separate from their ultimate legislative action to remove Michener from office. Accordingly, the individual defendants are subject to liability for actions taken outside the scope of their legislative duties. The complaint will not be dismissed as to them due to legislative immunity.

Based on the pleadings of record, the arguments of counsel, and the briefs filed in support and opposition thereto, the court is not persuaded that Michener has failed to state plausible claims for relief under section 1983.

IV.     CONCLUSION

For the foregoing reasons, the motion to dismiss will be denied, without prejudice to defendants' right to reassert these

issues under Federal Rule of Civil Procedure 56 on a fully developed record.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BETTY MICHENER,                    )
                                   )
              Plaintiff,           )
                                   )
       v.                          )     Civil Action No. 11-851
                                   )
THE BOROUGH OF MOUNT OLIVER,       )
ET AL.,                            )
                                   )
              Defendants.          )

ORDER

       AND NOW, this *30* day of November, 2011, IT IS

HEREBY ORDERED that defendants' motion to dismiss [Doc. No. 19]

is DENIED, without prejudice.

                         BY THE COURT:

                         _____, C.J.

cc:  All Counsel of Record